| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **ORIGINAL** |

```
- - - - - - - - - - - - - - - - - - - - x
                                         :
UNITED STATES OF AMERICA                 :
                                         :         SEALED
           - v. -                        :     SUPERSEDING INDICTMENT
                                         :
RIGOBERTO DIAZ,                          :
JAIRO ESQUIVIAS,                         :         S1 16 Cr. 605
  a/k/a "Jalisco,"                       :
JUAN ROMERO,                             :
SAUL GARZON,                             :
ANDRES RIOS, and                         :
JUAN SANCHEZ PEREZ,                      :
                                         :
              Defendants.                :
- - - - - - - - - - - - - - - - - - - - :
                                         x
```

## COUNT ONE

The Grand Jury charges:

1. From at least in or about 2013, up to and including in or about September 2016, in the Southern District of New York and elsewhere, RIGOBERTO DIAZ, JAIRO ESQUIVIAS, a/k/a "Jalisco," JUAN ROMERO, SAUL GARZON, ANDRES RIOS, and JUAN SANCHEZ PEREZ, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that RIGOBERTO DIAZ, JAIRO ESQUIVIAS, a/k/a "Jalisco," JUAN ROMERO, SAUL GARZON, ANDRES RIOS, and JUAN SANCHEZ PEREZ, the defendants, and others known and unknown, would and did

distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance that RIGOBERTO DIAZ, JAIRO ESQUIVIAS, a/k/a "Jalisco," JUAN ROMERO, SAUL GARZON, ANDRES RIOS, and JUAN SANCHEZ PEREZ, the defendants, conspired to distribute and possess with the intent to distribute was 500 grams or more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

## OVERT ACTS

4. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about February 8, 2016, RIGOBERTO DIAZ, the defendant, and a cooperating witness ("CW-1"), had telephone conversations regarding DIAZ purchasing cocaine for resale from CW-1.

    b. On or about February 5, 2016, JAIRO ESQUIVIAS, a/k/a "Jalisco," the defendant, and CW-1 had telephone conversations regarding ESQUIVIAS purchasing cocaine for resale from CW-1.

c. On or about February 26, 2016, JUAN ROMERO, the defendant, and CW-1 had telephone conversations regarding ROMERO purchasing cocaine for resale from CW-1.

d. On or about February 19, 2016, SAUL GARZON, the defendant, and CW-1 had telephone conversations regarding GARZON purchasing cocaine for resale from CW-1.

e. On or about February 29, 2016, ANDRES RIOS, the defendant, and CW-1 had telephone conversations regarding RIOS purchasing cocaine for resale from CW-1.

f. On or about August 15, 2016, JUAN SANCHEZ PEREZ, the defendant, sold cocaine to a confidential informant in or around Newburgh, New York.

(Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATION WITH RESPECT TO COUNT ONE

5. As a result of committing the controlled substance offense alleged in Count One of this Indictment, RIGOBERTO DIAZ, JAIRO ESQUIVIAS, a/k/a "Jalisco," JUAN ROMERO, SAUL GARZON, ANDRES RIOS, and JUAN SANCHEZ PEREZ, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of, said offense, including but not limited to a sum in United

States currency representing the amount of proceeds obtained as a result of said offense.

## Substitute Assets Provision

6. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

_____  
FOREPERSON

_Preet Bharara_  
PREET BHARARA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

RIGOBERTO DIAZ, et al.,

Defendants.

SEALED SUPERSEDING INDICTMENT

S1 16 Cr. 605

(21 U.S.C. § 846.)

Foreperson.    PREET BHARARA
United States Attorney.